People v Crespo (2022 NY Slip Op 50781(U))

[*1]

People v Crespo (Leonardo)

2022 NY Slip Op 50781(U) [76 Misc 3d 127(A)]

Decided on August 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-670 S CR

The People of the State of New York,
Respondent,
against
Leonardo Crespo, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from five judgments of the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency (John G. Marks, J.H.O.), rendered February 21, 2020. The
judgments convicted defendant, after a nonjury trial, of failing to display an inspection
certificate, parking an unregistered vehicle, abandoning a vehicle, and two charges of improper
display of license plates, respectively, and imposed sentences.

ORDERED that the judgments of conviction are reversed, on the facts, the simplified traffic
informations are dismissed, and the fines, if paid, are remitted.
In separate simplified traffic informations, defendant was charged with failing to display an
inspection certificate (Vehicle and Traffic Law § 306 [b]), parking an unregistered vehicle
(Vehicle and Traffic Law § 402 [6]), abandoning a vehicle (Vehicle and Traffic Law §
1224 [7]), and two charges of improper display of license plates (Vehicle and Traffic Law §
402 [1]). After a nonjury trial, defendant was found guilty of the aforementioned charges and was
sentenced to pay various fines.
Defendant argues, among other things, that the convictions are against the weight of the
[*2]evidence because there is nothing in the record from which
the court could conclude that the vehicle was parked on a "public highway," an element of
Vehicle and Traffic Law §§ 306 (b) and 402 (1), (6), or that it was left on a "highway
or public place," an element of Vehicle and Traffic Law § 1224 (7). "Necessarily, in
conducting its weight of the evidence review, a court must consider the elements of the crime, for
even if the prosecution's witnesses were credible their testimony must prove the elements of the
crime beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007]). If it
appears that the factfinder failed to give the evidence the weight it should be accorded, this court
may set aside the verdict and dismiss the accusatory instrument (see CPL 470.20 [5];
People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383,
410 [2004]).
Here, the prosecution's witness testified that his attention was drawn to a particular vehicle
because it did not have any plates and that he believed that the vehicle had been abandoned
because it had been parked for "at least more than ten days without being registered." He did not
testify as to where the car was located; the most specific testimony was that he, himself, was in
Coram. Consequently, the verdicts were against the weight of the evidence, as the People failed
to establish that the vehicle was left in a location that violated any of the statutes pursuant to
which defendant was convicted.
In light of the foregoing, we reach no other issue.
Accordingly, the judgments of conviction are reversed and the simplified traffic informations
are dismissed.
EMERSON, J.P., and DRISCOLL, J., concur.
VOUTSINAS, J., taking no part.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 4, 2022